F. W. LOHR, Appellee, v. CITY OF SIOUX CITY, Appellant.

No. 46166.

FEBRUARY 9, 1943.

V. O. DeWitt and Ralph W. Crary, both of Sioux City, for appellant.

Yeaman & Yeaman, of Sioux City, for appellee.

BLISS, J.—West 31st Street of the defendant has the general appearance of a country dirt road. It extends east and west. Jermyn Street is a similar type of street extending north from West 31st Street for a short distance. Until sometime after July 6, 1941, there had been no grading done on West 31st Street, or little improvement of any kind in the locality involved. The surface of the street between the fences, which were 60 feet apart, was level and apparently about as nature left it. The most-traveled portion of the street was about in its center and was approximately 25 feet wide. While there was a considerable growth of grass and weeds on each side of this more-traveled portion, the ground was generally level and firm, and there was testimony that it was frequently traveled over. About 20 feet east of the east line of Jermyn Street there had been a wooden culvert which had become so filled with silt that it was replaced with a new pipe two or three years before plaintiff's injury. This culvert extended at right angles to and just under the central traveled part of the street. The culvert was about 20 feet long, and the north line of the main-traveled road was about 1 or 2 feet from the north end of the culvert. When the new culvert was put in, workmen of the defendant dug a ditch connecting with the north opening of the culvert and extending northward. This ditch was about 2 feet wide and about the

same depth or a little less. At the time plaintiff was injured, grass and weeds had so grown around and above the north end of the culvert and the ditch as to conceal the ditch or hole from one's ready observation.

In midafternoon of July 6, 1941, the plaintiff was driving eastward on West 31st Street and drove to the north of West 31st Street and into the entrance of Jermyn Street to talk with a resident at that place. When his talk was completed, he drove his automobile southeasterly over the north 20 feet of West 31st Street to the traveled portion. As he drove onto the latter part of the road, and while traveling at a speed of about 5 miles an hour, the left front wheel of the automobile dropped into the hole at the end of the culvert with such force as to cause the injuries complained of. There is no question as to how the injury was caused, as witnesses were present just after it happened. The plaintiff testified that the end of the culvert showed evidence that other vehicles had slipped off the culvert into the hole.

Plaintiff alleged negligence of the city in digging this hole, and in leaving it uncovered without any sign or warning of its presence, and in permitting vegetation to conceal it.

Defendant denied the allegations of negligence and alleged the hole was in a portion of the highway which the city had not set aside for vehicular traffic, and that the injury occurred through no negligence on its part but through the contributory negligence of the plaintiff. There is no evidence that the city had set apart any portion of the street for use or nonuse. Such difference in the appearance of the surface of the street was caused only by the marks of traffic. Sometime after the injury some grading was done on the street.

Defendant assigns as error the failure of the court to direct a verdict for defendant because, as it asserts, the injury was sustained as the result of plaintiff's driving into a hole in that part of the street which it was not required to maintain, and also that the injury resulted from plaintiff's contributory negligence.

It appears to us that the city, in digging this hole so close to the portion of the highway usually traveled, without any warning as to its presence, and by permitting it to become con-

cealed by vegetation, violated its duty to the plaintiff to use reasonable care to improve and maintain this street in a reasonably safe condition for public travel. Whether it did so and whether there was contributory negligence on the part of the plaintiff were questions for the jury, and there is evidence to sustain its verdict.

Defendant complains of an instruction which appears to us not to be erroneous. Moreover, it took no exception to this or to any other instruction.

We find no error in the record, and the judgment is affirmed. —Affirmed.

GARFIELD, C. J., and WENNERSTRUM, HALE, MULRONEY, and SMITH, JJ., concur.

MANTZ, J., dissents.